.BAUGH *v.* THE STATE.

All bills of exceptions certified since January 1st, 1890, must conform to the act of November 11th, 1889, the prior statutes on the subject having been superseded by that act.  Where there·has been no compliance, nor attempt to comply, with the provisions of the act, this court will not reverse the judgment complained of.
May 9, 1890.

Practice in Supreme Court.

Reported in the decision.

T. H. WHITAKER, for plaintiff in error.

T. A. ATKINSON, solicitor-general, *contra.*

BLECKLEY, Chief Justice.

In this case the motion for a new trial was overruled on the 12th of January, 1890.   This is the judgment complained of as error.   The bill of exceptions was certified on the 20th day of January.   And no attempt was made, either in the bill of exceptions or the judge's certificate, to comply with the act approved November 11th, 1889 (Acts of 1889, p. 114), prescribing the manner of taking cases to the Supreme Court.   That act declares "that no case shall be·taken to the Supreme Court by bill of exceptions, except in the following manner."   It then proceeds to require the plaintiff in error to specifically set out the errors complained of, and specify only so much of the brief of evidence and such other parts of the record as are material to a clear understanding of those errors.   This must be done in the bill of exceptions, and the judge's certificate must show that the bill of exceptions does specify all of the record material to a clear understanding of the errors

complained of, and must direct the clerk to make out a copy of such parts of the record as are in the bill of exceptions specified, and certify the same as such. The act took effect on the 1st of January, and repealed all laws and parts of laws in conflict with its provisions. Of course, therefore, the prior law on the subject of bills of exceptions ceased to operate, or to furnish any authority for bringing cases to this court. We could not feel authorized to reverse a judgment of the superior court, upon a bill of exceptions and writ of error conforming, perhaps, to the prior law, but neither conforming to nor showing any purpose whatever to comply with the law in force at the time the judgment complained of was rendered, and at the time the bill of exceptions was certified. We decline, therefore, to examine into the merits of the case, not having before us any duly authenticated record upon which to base the examination. All we can do is to leave the case to stand as the court below adjudicated it.                *Judgment affirmed.*